UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RICHARD CAMPBELL,                                    15 Civ No.

        Plaintiff,                                  **COMPLAINT**

    -against-

THE CITY OF NEW YORK, JAMES HARKINS, "JOHN"      *JURY TRIAL*
LEWIS (first name unknown), NYC POLICE DEPARTMENT  *DEMANDED*
POLICE OFFICERS (first names unknown) "JOHN"
SEVEIGLY, "JOHN" WEISS, "JOHN" DUNCAN and
"JANE DOE #1" (full name unknown),

        Defendants.
-------------------------------------------------------------X

    Plaintiff, by his attorney, BRADLEY A. SACKS, ESQ., complaining of the

defendants herein, alleges upon information and belief, the following:

1.    The plaintiff RICHARD CAMPBELL is a domiciliary of Brooklyn, New York,

County of Kings, City and State of New York.

2.    The defendant City of New York is a municipal corporation duly organized

under the Laws of the State of New York.  The City of New York operates the New

York City Police Department and for that purposes employs police officers, including

the defendants named herein.

3.    On February 27, 2014 the plaintiff served a Notice of Claim upon the

Corporation Counsel of the City of New York.

4.    On February 10, 2015 the plaintiff appeared for a hearing pursuant to Gen.

Mun. Law §50-e of the Laws of the State of New York.

5.    More than thirty days have elapsed since service of the notice of claim; the City

of New York has not sought to conduct a physical examination of the plaintiff nor has it

sought to adjust the claim.

## JURISDICTION AND VENUE

6.     This Court has subject matter under 28 USC 1331 on the basis of there being a federal question relating to an alleged violation of the rights guaranteed to the plaintiff under the U.S. Constitution.

7.     This Court has subject matter jurisdiction under 28 USC 1331 on the basis of there being a federal question arising under 42 USC § 1983.

8,     This Court has supplemental jurisdiction over all State law claims.

9.     Venue is placed in the Eastern District of New York because the incident arose in Kings County New York and the City of New York is a defendant and for the purposes of venue is domiciled in Kings County.

## THE PARTIES

10.    The defendant James Harkins at all times relevant herein, and more particularly on January 11, 2014 through February 25, 2015 is a police officer employed by the City of New York.   Upon information and belief he is the police officer who was instructed to arrest the plaintiff for charges that included Driving While Intoxicated and Impaired and signed the criminal information upon which charges were prosecuted.

11.    The defendant "John" Lewis (first name is unknown) at all times relevant herein, and more particularly on January 11, 2014 through February 25, 2015 is alleged to be an Inspector or senior officer employed by the City of New York in the NYC Police Department who instigated the stop of the plaintiff's vehicle, authorized the search of the plaintiff's vehicle both at the scene and at the police precinct on January 11, 2014, and who caused false charges to be brought against the plaintiff in retaliation for the absence of a weapon on plaintiff's person or in his car.

12.     The defendant named "John Doe #1" in a Notice of Claim filed with the defendant City by the plaintiff (**Exhibit A**), at all times relevant herein, and more particularly on January 11, 2014 through February 25, 2015 is alleged to be Police Officer "John" Seveigly (first name is unknown) who is employed by the City of New York. Officer Seveigly is believed to have occupied the police vehicle operated by defendant Harkins and who participated in plaintiff's stop and arrest on January 11, 2014.

13.     The defendant "John" Weiss (first name is unknown) at all times relevant herein, and more particularly on January 11, 2014 through February 25, 2015 is alleged to be a Lieutenant or senior officer employed by the City of New York in the NYC Police Department who instigated the stop of the plaintiff's vehicle, authorized the search of the plaintiff's vehicle both at the scene and at the police precinct on January 11, 2014, and who caused false charges to be brought against the plaintiff in retaliation for the absence of a weapon on plaintiff's person or in his car.

14.     "John Doe #2" in the plaintiff's Notice of Claim at all times relevant herein, and more particularly on January 11, 2014 through February 25, 2015 is alleged to be Police Officer "John" Duncan (first name is unknown) who is employed by the City of New York and who participated in the stop and search of the plaintiff's vehicle on January 11, 2014.

15.     Police Officer "Jane Doe" whose name is fictitious and unknown, at all times relevant herein, and more particularly on January 11, 2014 through February 25, 2015 is alleged to be the sixth police officer who participated in the stop and the search of the plaintiff's vehicle on January 11, 2014 and who is alleged to be employed by the City of New York.

16.    The plaintiff is an African American who resides in Brooklyn, New York who seeks redress in this lawsuit for an illegal stop of his vehicle, his prolonged custodial detention, the illegal and unwarranted search of his vehicle and his arrest for "driving while intoxicated and impaired" as retaliation for having no weapon on his person or in his car.

## NATURE OF THE ACTION

17.    This action seeks redress for the deprivation of plaintiff's civil rights for actions committed by the individually named defendants, under the official policies of the City of New York including a policy of stopping, questioning and harassing individuals of African American descent, based upon their appearance, including clothing and hairstyle, which constitute violations of the rights, privileges and/or immunities secured by 42 USC 1983, et. seq., the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution and the laws and Constitution of the State of New York, including N.Y.S. Constitution Article I, §11 and §12, as well as NYC Administrative Code §14-151. (the Anti-Profiling Ordinance)

18.    Plaintiff alleges that New York City Police Officers may be permitted to stop an individual, but only upon reasonable suspicion that he or she is committing or about to commit a crime.

19.    Plaintiff alleges in this lawsuit that his stop, the search of his person and vehicle, his detention, his arrest, and prosecution were done outside that standard.

20.    Plaintiff alleges that after his illegal stop, search and detention he was arrested and charged with crimes solely as retaliation for "having gotten away" from being charged with a weapons possession charge and as a means to otherwise provide

"cover" for the heavy-handed illegal actions preceding imposition of false charges of driving while intoxicated and/or impaired.

Summary of Facts

21.    During the early morning hours of January 11, 2014, the defendants Harkins, Seveigly, Lewis, Weiss, Duncan and at least one other female officer whose name is presently unknown, participated in the arrest of the plaintiff, Richard Campbell.

22.    On January 11, 2014 the plaintiff Richard Campbell attended a lawful party at the Albany Manor ("the Club") located 585 Albany Avenue, Brooklyn, New York.

23.    At or about 4:30 a.m. the plaintiff Richard Campbell exited the Club and entered his car parked in the roadway of Albany Avenue and proceeded to drive away.

24.    Approximately one and a half blocks away from the Club the plaintiff's vehicle was ordered to stop initially by an unmarked police vehicle.

25.    Two police officers exited that unmarked vehicle, ran up next to the plaintiff's vehicle (a Volkswagon Passat) screaming obscenities at the plaintiff, with guns drawn, ordering the plaintiff to exit the vehicle and demanding to know where plaintiff had his gun.

26.    Plaintiff confronted by these officers with their screaming and guns drawn was in fear for his safety and was afraid to do anything other than roll down his window and keep his hands raised.

27.    A police officer then opened the car door and grabbed the plaintiff pulling him out of his vehicle throwing him up against the hood of the car, all the while pointing his weapon at the plaintiff's face.

28.    The plaintiff was then "patted down," had his pockets searched, (nothing was taken from him), was handcuffed and placed on the sidewalk across the street from the vehicle.

29.    By that point plaintiff realized that at least six police officers were present surrounding the plaintiff's vehicle. At least one of those officers (defendant Duncan and another female officer, Jane Doe #1), began a search of the plaintiff's vehicle including the glove compartment, between the seats, and under the seats. The vehicle's trunk was searched, the trunk's contents were emptied, searched and placed on ground.

30.    While plaintiff remained on the ground handcuffed, multiple officers supervised by defendants Weiss and Lewis continued to search the plaintiff's vehicle for approximately 30-45 minutes or more. Nothing illegal was located and the contents were placed back in the vehicle.

31.    While plaintiff was handcuffed on the ground, defendant Lewis and other officers repeatedly cursed at the plaintiff demanding to know where "the gun was" all the while threatening and manhandling the plaintiff.

32.    Thereafter defendant Lewis, a supervising officer threatened the plaintiff verbally and stated to the other officers present, including defendant Harkins, that it would be necessary to more fully search the plaintiff's vehicle at the precinct and that plaintiff should therefore be arrested for DWI to facilitate that search. Defendant Lewis also stated to the plaintiff in substance, that he did not know how he (Campbell) "had beaten him this time."

33.    Thereafter one of the defendant officers, believed to be defendant Lewis stuck a straw like object connected to a device into plaintiff's mouth and ordered him to blow into it. Plaintiff attempted to comply.

34.    Defendant Lewis took the white plastic piece from the device, threw it on the ground. That piece believed to be for a "breathalyzer" test was not made part of the evidence used to prosecute the plaintiff, nor was any field breathalyzer test result included in any paperwork, nor was any refusal to submit to such test at the scene documented.

35.    Plaintiff was thereafter removed from the scene by defendant Harkins to be processed and the defendants utilized the arrest as a pretense to get the plaintiff's vehicle back to the precinct to be further searched.

36.    Defendant Harkins did not remove the plaintiff from his vehicle, "pat down" or frisk the plaintiff, nor question the plaintiff at the scene. Defendants Lewis and/or Weiss performed those actions.

37.    Defendant Lewis refused to allow plaintiff's passenger to drive the vehicle from the scene despite request by plaintiff, after the plaintiff's passenger had been removed from the vehicle, searched, handcuffed and then released prior to plaintiff being taken from the scene.

38.    Plaintiff's vehicle was removed to the 71st Precinct without plaintiff's consent.

39.    Plaintiff was not informed why he was being arrested at the scene of his arrest nor given any "Miranda" warnings.

40.    Plaintiff was taken to the 78th Precinct by defendant Harkins.

41.    After being held at the 78th Precinct for a period of time, plaintiff was then requested to perform another "Breathalyzer" test.

42.    Police Officer Mitchell administered the test to plaintiff and the test performance was videotaped.

43.    Plaintiff attempted to take the test as ordered but had obvious difficulty performing the test due to a medical condition.

44.    Despite the plaintiff having been submitted to a "Breathalyser" test at the scene of his arrest, Police Officer Mitchell warned plaintiff about the consequences of "refusing to take the test" and then prepared and signed a "Report of Refusal to Submit to Chemical Test." (**Exhibit B**).

45.    Thereafter, plaintiff submitted to a "field sobriety test", at the precinct, which was completed without evidence of impairment.

46.    Notwithstanding the foregoing, plaintiff was charged with violation of New York Vehicle & Traffic Law § 1192(1) driving while ability impaired by alcohol and Vehicle & Traffic Law § 1192(3) driving while intoxicated based upon the criminal information signed by defendant Harkins (**Exhibit C**).

47.    The statements made in that information were false and were known to be false by defendant Harkins when signed.

48.    Thereafter plaintiff was taken back to the 71st Precinct by the defendants where his "processing" continued.

49.    After determination that no warrants against plaintiff were outstanding, and upon information and belief his vehicle was again searched without consent, he was taken to Brooklyn Central Booking where he remained for approximately 15 hours.

50.    Plaintiff was brought before a judge just prior to midnight and was ordered to surrender his driver's license. The plaintiff was then released on his own recognizance.

51.     Plaintiff was given a Notice of Temporary Suspension and Notice of Hearing (**Exhibit D**).

52.     Plaintiff thereafter appeared on January 21, 2014 at which time his license suspension was lifted (**Exhibit E**) after plaintiff submitted to a Court Ordered Alcohol and Substance Abuse Screening (**Exhibit F**).

53.     After plaintiff appeared more than ten times in Criminal Court for trial of the charges against him, a trial was finally held, and the charges were submitted to a jury on February 24, 2015.

54.     Defendant Harkins testified at the trial against the plaintiff and repeated the knowingly false facts and claims, including reference to an "unidentified informant."

55.     The Jury found the plaintiff not guilty on both charges on February 24, 2015.

56.     As a direct consequence of the actions of the defendants, the plaintiff suffered fear, anguish and distress, spent more than 19 hours in custody, incurred legal fees and administrative costs to keep his driving license and his freedom from further incarceration, suffered the aggravation of his asthma condition, suffered aggravation and/or activation of his ulcer and/or GERD condition and was otherwise damaged.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS

57.     The plaintiff Richard Campbell hereby repeats, reiterates and realleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "56," inclusive, with the same force and effect as if fully set forth at length herein.

58.     The individual defendants acting under color or authority of State Law, in flagrant violation of the plaintiff's civil and constitutional rights, without any basis or justification, stopped the plaintiff's vehicle, searched the plaintiff's vehicle without

consent, threatened and manhandled the plaintiff, detained and arrested the plaintiff, conspired to fabricate and bring false charges against the plaintiff and allowed the continued prosecution of said charges despite knowledge of the falsity thereof, all in violation of 42 USC 1983, et seq., the United States Constitution, the Constitution of the State of New York, the Laws of the United States and the State of New York and the Administrative Code of the City of New York.

59.    The defendants' actions to arrest the plaintiff for driving while impaired or intoxicated were committed to cause harm to the plaintiff so as to insulate the defendants from a claim that the reason, manner, means and method of stopping the plaintiff for alleged possession of a weapon were illegal and improper and to intimidate the plaintiff.

60.    As a consequence of the acts and/or omissions of the defendants, the plaintiff suffered fear, anguish and distress, spent approximately 19 hours in custody, incurred legal fees and administrative costs to keep his driving license and his freedom from further incarceration, suffered the aggravation of his asthma condition, suffered aggravation and/or activation of his ulcer and/or GERD condition and was otherwise damaged.

61.    As a consequence thereof the plaintiff seeks monetary damages in an amount to be determined at trial but is believed to be not less than $1 Million.

AS AND FOR A SECOND CAUSE OF ACTION
ASSERTED AGAINST THE DEFENDANT CITY OF NEW YORK

62.    The plaintiff Richard Campbell hereby repeats, reiterates and realleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "61," inclusive, with the same force and effect as if fully set forth at length herein.

63.    The City of New York employed the defendant police officers and as such was obligated to provide training, supervision, policies and procedures that are consonant with the rights guaranteed by the United States Constitution, the Constitution of the State of New York, the Laws of the United States including 42 USC 1983 and the State of New York and the Administrative Code of the City of New York.

64.    The City of New York was negligent and violated plaintiff's rights in in failing to properly instruct their agents and/or employees as to how to properly conduct a stop of a person; in failing to have procedures in place to prevent continuation of detention and prosecution when no probable cause or reasonable suspicion exists; in failing to implement and enforce procedures to stop persons only upon lawful grounds including reasonable suspicion, not upon their race or appearance, and not to attempt to create pre-textual "after the fact" justification for otherwise improper actions, all despite having the supervisory capacity to do so.

65.    Employees of the defendant City, including named defendants had opportunities to intercede to prevent the detention and continued prosecution of the plaintiff but due to deliberate indifference declined and refused to do so.

66.    Further, the defendant City through its official policies and procedure encouraged the systematic stop and detention of individuals based upon improper criteria.

67.    As a direct consequence of the acts and/or omissions of the defendants, the plaintiff suffered fear, anguish and distress, spent approximately 19 hours in custody, incurred legal fees and administrative costs to keep his driving license and his freedom from further incarceration, suffered the aggravation of his asthma condition, suffered

aggravation and/or activation of his ulcer and/or GERD condition and was otherwise damaged.

68.     As a consequence thereof the plaintiff seeks monetary damages in an amount to be determined at trial but is believed to be not less than $1 Million.

AS AND FOR A THIRD CAUSE OF ACTION
AGAINST THE DEFENDANT CITY OF NEW YORK

69.     The plaintiff Richard Campbell hereby repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "68," inclusive, with the same force and effect as if fully set forth at length herein.

70.     The defendants stopped the plaintiff on January 11, 2014 solely as a result of improper police procedures and techniques in violation of New York City Administrative Code Section §14-151.

71.     As a consequence thereof the plaintiff seeks to enjoin the NYC Police department and its employees from harassing or threatening the plaintiff in the future and recover legal fees in an amount to be determined.

        WHEREFORE, the plaintiff demands judgment against the defendants for damages on the first, second and third cause of action in the amount of $1 Million, together with legal fees and the costs and disbursements of this action.

Dated: New York, New York
        March 18, 2015

                                        YOURS, etc.,


                                        BRADLEY A. SACKS
                                        Attorney for Plaintiff
                                        225 Broadway – 24th Floor
                                        New York, New York 10007
                                        (212) 349-6171

# Exhibit A

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT

*In the Matter of the Claim of Richard Campbell*

-against-

2014 FEB 27  AM 10: 49

**THE CITY OF NEW YORK, NYC Police Department Police Officers John Doe and Jane Doe 1-5, Police Officer James Harkins, Lieut. "John" Lewis (first name unknown) and Police Officer "Shirley" Mitchell (first name unknown)**

PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the above named public entities and authorities as follows:

1.  *The name and post-office address of each claimant and claimant's attorney is:*

    Richard Campbell
    2110 Westbury Court, Apt. 2R
    Brooklyn, New York 11225
    Birthdate: August 11, 1989

    Bradley A. Sacks and Michael D. Wolin
    225 Broadway, Suite 2410
    New York, NY 10007
    212-349-6171

2.  *The nature of the claim:* False Arrest, Assault, Malicious Prosecution, Violation of Rights guaranteed by the State and Federal Constitutions, violation of the laws of the State of New York and the United States and Negligence.

    Richard Campbell claims that the City of New York, specifically by its agents/employees in its Police Department:      1) detained the plaintiff without probable cause or reasonable suspicion, first falsely claiming he possessed a firearm,

    2) searched claimant's vehicle without a warrant and without probable cause, reasonable suspicion or other exigent circumstances,

    3) despite a negative search for weapons or contraband, continued to detain Richard Campbell despite determining that claimant neither possessed a weapon, had a weapon in his vehicle or committed any crime;

    4) accused the claimant of "driving under the influence" as a pretense to justify the otherwise illegal stop, search and detention; continuing his detention falsely claiming he "smelled of alcohol", spoke with slurred speech and "looked disheveled" without administering a field sobriety test or obtaining positive results from a "breathylizer" test

and ignoring claimant's complaints regarding inability to blow due to anxiety under the circumstances of his detention and arrest and asthma;

5) taking claimant without consent or warrant into police custody to what is believed to be the 78th Prescient where the claimant's detention continued without being informed of the charges against him, without being provided with a statement of rights;

6) being administered a "breathyliser" test; and ignoring the negative results falsely claiming the test was refused which statement was thereafter falsely incorporated into an official accusatory instrument executed by Police Officer Mitchell (female) and/or Police Officer Harkins (male). The claimant was thereafter falsely and pretextually charged with violations of the NY VTL which charges were made despite knowledge of their falsity; said charges are being continued to date without reasonable or probable cause or evidence to support said charges;

The claimant alleges that approximately 5 or 6 police officers of the City of New York, including Lieut. "John" Lewis (male)  (first name is unknown) and other police officers, whose names are unknown but who were at the scene of the vehicle stop preceding claimant's detention, all failed to follow lawful and established procedures; and thereafter falsely charged the claimant with charges to justify their otherwise illegal and improper actions.

Claimant therefore asserts that the City of New York by its Police Department and its agents and employees violated the rights guaranteed by the New York State and U.S. Constitution, including the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment, Abused official powers, violated provisions of the New York State Penal Code (§240.50 et seq.), violated the laws of the U.S. including 42 USC 1983 and 1985, et seq. and other statutes and protections. The City of New York was negligent and violated claimant's rights in in failing to properly instruct their agents and/or employees as to how to properly conduct a stop of a person; in failing to have procedures in place to prevent continuation of detention and prosecution when no probable cause or reasonable suspicion exists; in

failing to implement and enforce procedures to stop persons only upon lawful grounds including reasonable suspicion and not to attempt create pretextual "after the fact" justification for otherwise improper actions.

3.    ***The time, when, the place where and the manner in which the claim arose:***  The occurrence took place on January 11, 2014 approximately 4:30 am at approximately the intersection of Maple Avenue and Albany Avenue, Brooklyn, New York (See copy of criminal information attached).

4.    ***The items of damage or injuries claimed are (include dollar amounts:*** In addition to the violation of his civil rights, aforesaid the claimant was restrained while his vehicle was searched at the scene, subjecting him to unprivileged physical contact, humiliation and embarrassment, was arrested and taken to a police station, was verbally harassed and threatened, was processed through the Criminal Court System until his release after arraignment; was improperly deprived of his driver's license until January 21, 2014 when it was returned and restored after appearing at a hearing at the NYS DMV; was required to incur medical expenses and legal fees for the DMV hearing; has had to appear and will again in the future have to appear at additional court hearings; Claimant has suffered aggravation of asthma conditions, stomach ulcer and GERD conditions.   Claimant is still under active treatment and the full nature and the full extent of his injuries are not yet known.   Claimant was forced to undergo non-voluntary substance abuse evaluation and continues to suffer physical and emotional turmoil as a result of the inability to obtain a declaration of his innocence.

*Legal Fees*                                    *$1,000.00*

*Medical and Diagnostic Testing Expense     $ 250.00 and continuing;*

*Pain Suffering and diminished enjoyment of life, deprivation of rights $1,000,000.00.*

**TOTAL AMOUNT CLAIMED:**

*Richard Campbell: Not to exceed **$1,001,250.00***

The undersigned claimant(s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.

Dated: ~~January~~ FEBRUARY 24, 2014

x _Richard Campbell_
Richard Campbell

Bradley A. Sacks, Esq.
Attorney for Claimants

## INDIVIDUAL VERIFICATION

State of New York     )
                      ) ss:
County of New York    )

RICHARD CAMPBELL being duly sworn, depose and say that deponents are the claimants in the within action; that they have read the foregoing Notice of Claim and know the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponents believes it to be true.

Dated: ~~January~~ FEBRUARY 24, 2014

x _Richard Campbell_
Richard Campbell

Sworn to me this 24th
day of ~~January~~ FEBRUARY 2014

Notary Public

MICHAEL D WOLIN
Notary Public, State of New York
No. 02WO5048993
Qualified in New York County
Commission Expires September 05, 2017



2014KN002919

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

STATE OF NEW YORK
COUNTY OF KINGS

v

RICHARD CAMPBELL

POLICE OFFICER JAMES HARKINS SHIELD NO.13542, OF 071 COMMAND SAYS THAT ON OR ABOUT JANUARY 11,2014 AT APPROXIMATELY 06:30 AM AT SE CORNER MAPLE ST AND ALBANY AVE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

VTL 1192(1)          OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                     OF ALCOHOL OR DRUGS
VTL 1192(3)          OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                     OF ALCOHOL OR DRUGS

IN THAT THE DEFENDANT DID:

OPERATE A MOTOR VEHICLE WHILE SUCH PERSON'S ABILITY WAS IMPAIRED BY THE CONSUMPTION OF ALCOHOL; OPERATE A MOTOR VEHICLE WHILE IN AN INTOXICATED CONDITION.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED THE DEFENDANT DRIVING A VOLKSWAGEN PASSAT NY STATE LICENSE NO. ...

... THE DEFENDANT ... WATERY EYES, ODOR OF ALCOHOLIC BEVERAGE ON BREATH AND ... DISHEVELED APPEARANCE.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

_____        _____
DATE                   SIGNATURE

# Exhibit B

02/05/2014   14:55   17183630374   FCF SERVICES INC   PAGE 04/04




REGAL FORMS INC. TARRYTOWN, N.Y. (800) 276-9950

New York State Department of Motor Vehicles

## REPORT OF REFUSAL TO SUBMIT TO CHEMICAL TEST

(If a compulsory chemical test was administered pursuant to Section 1194(3) of the Vehicle and Traffic Law, do not complete this form.)

Arresting Officer: Keep green copy; give white and pink copies to the court at the arraignment; bring the yellow copy to the DMV Hearing.
Court: After the arraignment, keep the pink copy for court records. Send the white copy, along with a copy of the AA-137 "Notice of Temporary Suspension and Notice of Hearing", within 48 hours of the arraignment, to the Department of Motor Vehicles, Safety Hearing Bureau, Room 312, 6 Empire State Plaza, Albany, New York 12228.

### TO: Commissioner of Motor Vehicles

Operator's Name  CAMPBELL, RICHARD Alpha
Date of Birth  3/11/89
Sex:  ☒ M  ☐ F
Telephone Number:

Address  2110 WESTBURY CT RD 2D2
City  BROOKLYN
State  NY
Zip Code  11225

The operator possessed a:  ☒ Driver License  ☐ Learner Permit
Identification Number  7 6 4 4 8 6 6 0 0

Vehicle Class (see definition on the back of the green copy)  ☐ Commercial Motor Vehicle (CMV)  ☐ HazMat  ☐ All Others

Plate Number of Vehicle Operated  889 QNK
State or Province of License  NY
Date of Expiration  3/11/12
Class of License  D
Did a reportable accident occur?  ☐ Yes  ☒ No

New York State County of  KINGS
Town/City of

Arresting Officer  HAWKINS  deposes and says that: On this  11  day of  JANUARY  in the

year of  2014  at  78TH PCT
(Specific Location)

he/she arrested the above operator on a charge of violating Section 1192 of the Vehicle and Traffic Law for (check applicable box):

☒ OPERATING WHILE IN AN INTOXICATED CONDITION  ☐ OPERATING WHILE ABILITY IMPAIRED BY THE CONSUMPTION OF ALCOHOL
☐ OPERATING WHILE ABILITY IMPAIRED BY THE USE OF A DRUG  ☐ OPERATING WHILE ABILITY IMPAIRED BY THE COMBINED INFLUENCE OF DRUGS OR OF ALCOHOL AND ANY DRUG(s)

### SECTIONS A AND B MUST BE COMPLETED

SECTION A: and that he/she had reasonable grounds to make the arrest based on information indicating vehicle operation (such as accident involvement, observed traffic infraction, etc.) give details:

SECTION B: and impairment or intoxication (such as poor coordination, alcohol beverage odor, etc.) give details:  ALCHOL ODOR

After being arrested, the operator was warned as follows:
Refusal to submit to a chemical test, or any portion thereof, will result in the immediate suspension and subsequent revocation of your license or operating privilege whether or not you are found guilty of the charge for which you are arrested. Your refusal to submit to a chemical test, or any portion thereof, can be introduced into evidence against you at any trial, proceeding or hearing resulting from this arrest.

After receiving this warning, the operator was asked to submit to a chemical test to determine the alcoholic and/or drug content of his/her blood.
The operator refused to submit to a  ☐ BLOOD  ☐ URINE  ☐ SALIVA  ☒ BREATH test, and indicated his/her refusal by:

was Refusing to give Breath sample
(Conduct or words used by operator)

in the presence of  Mitchell  at  78TH PCT
(Officer giving warning and witnessing refusal, if not arresting officer)  (Location of refusal)

No compulsory chemical test was administered pursuant to Section 1194(3) of the Vehicle and Traffic Law.

| Name and Rank of Arresting Officer  PO HAWKINS | Name and Rank of Officer Giving Warning & Witnessing Refusal (if not arresting officer)  O. Mitchell |
| Police Agency  MYPD | Telephone No.  78731-0511 | Police Agency  NYPD | Telephone No.  718371-1446 |
| Tax Registry Number (NYC Only)  952831 | Precinct No.  7 | Police Agency Address (Include Number, Street and Zip)  350 Harrison | |
| Signature  PO H | Date  1/11/14 | County  KINGS | Tax Registry Number (NYC Only)  942782 | Precinct No.  PCT 2 |
| | | Signature  O. Mitchell | Date  1/11/14 |

# Exhibit C



2014KN002919

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

STATE OF NEW YORK
COUNTY OF KINGS

v

RICHARD CAMPBELL

POLICE OFFICER JAMES HARKINS SHIELD NO.13542, OF 071 COMMAND SAYS THAT ON OR
ABOUT JANUARY 11,2014 AT APPROXIMATELY 06:30 AM AT SE CORNER MAPLE ST AND ALBANY
AVE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

VTL 1192(1)          OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                     OF ALCOHOL OR DRUGS
VTL 1192(3)          OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE
                     OF ALCOHOL OR DRUGS

IN THAT THE DEFENDANT DID:

OPERATE A MOTOR VEHICLE WHILE SUCH PERSON'S ABILITY WAS IMPAIRED BY THE
CONSUMPTION OF ALCOHOL; OPERATE A MOTOR VEHICLE WHILE IN AN INTOXICATED
CONDITION.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE
AS FOLLOWS:

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED
DEFENDANT DRIVING A VOLKSWAGEN PASSAT NY STATE SEDAN. NO DRUGS.

DEPONENT FURTHER STATES THAT THE DEFENDANT EXHIBITED SIGNS OF INTOXICATION
SLURRED SPEECH, BLOODSHOT EYES, ODOR OF ALCOHOLIC BEVERAGE ON BREATH, AND A DISHEVELED
APPEARANCE.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW.

1/11/14                    PoH
DATE                       SIGNATURE

# Exhibit D

New York State Department of Motor Vehicles

# NOTICE OF TEMPORARY SUSPENSION AND NOTICE OF HEARING

(Section 1194 of Vehicle & Traffic Law)
*Read Both Sides, Please!*

 NEW YORK STATE

**DISTRIBUTION**

Complete four (4) copies of this form (please print). Distribute as follows: one (1) copy to motorist; one (1) copy for court records; one (1) copy to the arresting officer; and **mail one (1) copy, with a copy of the Police Chemical Test Refusal Report (AA-134),** **to the Department of Motor Vehicles, SAFETY HEARING BUREAU, 6 Empire State Plaza, Albany, New York 12228-0312.**

| Motorist's Last Name | First | M.I. | Date of Birth (Month/Day/Year) | |
|---|---|---|---|---|
| CAMPBELL | RICHARD | | 8/11/89 | ☒ Male  ☐ Female |

| Motorist's Street Address (Include Street Number and Name, Rural Delivery Box and/or Apartment Number). | Ticket Number |
|---|---|
| 2110 WESTBURY COURT #R2 | |

| | State | Zip Code |
|---|---|---|
| BROOKLYN | NY | 11225 |

| Date of Alleged Refusal | Location of Refusal | Arresting Officer |
|---|---|---|
| 1/11/14 | 78 Pct | P.O. HARKINS, J |

| Agency | Telephone Number (Area Code) | Tax Registry Number (NYC Only) | Command # | Precinct No. |
|---|---|---|---|---|
| NYPD | | 952831 | | 71 |

| Arraignment Date | Court Name | Street | City/Town | Zip Code | County |
|---|---|---|---|---|---|
| 1/11/14 | Kings CRIM | 120 Schermerhorn St | Bklyn NY | 11201 | KINGS |

| Docket No. | License Turned In? |
|---|---|
| 2014KN 002919 | ☐ Yes  ☐ No |

**ATTENTION: MOTORIST**

Your driver license (or driving privilege if you don't live in New York State) has been temporarily suspended by the court for your alleged refusal to submit to a chemical test (Section 1194-2 of the Vehicle and Traffic Law). The suspension is effective on the arraignment date shown above. This court suspension will end in 15 days or on the date of hearing, whichever comes first. However, further action concerning your license will be taken by the Department of Motor Vehicles on the date of the hearing.

Bring this notice with you to the hearing. You may have an attorney or other representative with you at the hearing, and you should be prepared to present all evidence and witnesses in your behalf at the hearing.

If you need special accommodations (such as a handicap-accessible hearing site, or if you are hearing-impaired), please contact the Safety Hearing Bureau as soon as possible before the hearing. If you are hearing-impaired, we will provide an interpreter at no charge. It is your responsibility to bring an English translator to the hearing, if you need one.

This chemical test hearing is independent of the criminal court case charging you with DWI.  Do not assume that a criminal plea or dismissal in court will affect this hearing.

If you do not come to the hearing, your absence will be considered your agreement to waive the hearing. This will result in immediate revocation of your license or driving privilege.

**VOLUNTARY WAIVER OF HEARING**

You may waive the hearing by sending a written waiver to the Safety Hearing Bureau of the Department of Motor Vehicles. *To request a waiver, see the other side of this notice.*

**ATTENTION: MOTORIST AND ARRESTING OFFICER**

You are required to appear in person for a hearing (Section 1194-2 of the Vehicle and Traffic Law) based on the written report of the police officer that the motorist named above refused to submit to a chemical test for the purpose of determining the alcohol or drug content of his/her blood, after being properly warned of the consequences of refusing. The hearing will also determine if the motorist's license should be revoked. The officer should bring this notice and a copy of the refusal report to the hearing.

| Date of Hearing (or Waiver) | Time of Hearing | |
|---|---|---|
| 1-21-14 | 1:00  ☐ A.M.  ☒ P.M. | |

| Hearing Location |
|---|
| 2 Washington Street NY NY |

Elizabeth Parks SAC

Judge or Clerk of the Court: sign above to indicate that motorist was handed this Notice of Temporary Suspension.

AA-137 (11/06)

PAGE 1 OF 2

# Exhibit E



New York State Department of Motor Vehicles

# TERMINATION OF TEMPORARY SUSPENSION
## UNDER SECTION 1194 OF VEHICLE & TRAFFIC LAW

| | |
|---|---|
| Name of Licensee | CAMPBELL, RICHARD |
| Date of Birth | 03/11/1989 |

**NOTICE: TO ALL POLICE AUTHORITIES**

The temporary suspension pending Chemical Test (C/T) Refusal Hearing, resulting from an alleged chemical test refusal on Jan 11, 2014 _____ , has been terminated.

This licensee may operate a motor vehicle provided his/her license is valid in all other respects.

_Robert Wenzel_
(By Administrative Law Judge)

1/21/14
Date

IMPORTANT: Not valid unless signed by Administrative Law Judge.

# Exhibit F

# CRIMINAL COURT OF THE CITY OF NEW YORK

## NOTICE OF COURT ORDERED ALCOHOL AND SUBSTANCE ABUSE SCREENING AND/OR ASSESSMENT



| PEOPLE OF THE STATE OF NEW YORK | County/Court | *Kings / CRIM* |
|---|---|---|
| against | Return Part | *AP4* |
| *CAMPBELL Richard* Defendant | Docket No. | *2014KN002919* |

Pursuant to VTL §1198-a, the above named defendant, having been charged with a designated driving while intoxicated offense, is hereby ordered to submit to:

☑ Screening for alcohol or substance abuse and dependency and, if said screening indicates the defendant is abusing or dependent upon drugs or alcohol, an assessment for alcohol or substance abuse and dependency; or

☐ Assessment for alcohol or substance abuse and dependency.

The defendant must complete the ordered screening and/or assessment within five (5) business days of this Order.

Dated: *1-11-14*

_____
Judge, New York City Criminal Court

### INSTRUCTIONS TO THE DEFENDANT

The Judge has ordered you to submit to a screening and/or assessment for alcohol or substance abuse dependency. You can find a listing of agencies and licensed professionals authorized to perform these services on the internet at www.oasas.state.ny.us or by the calling the NYS Office of Alcoholism and Substance Abuse Services (OASAS) at (800) 482-9564. Before you go, you should call to make an appointment. Take this paper with you, when you go for your appointment. You will be required to pay a fee for these services. You must take this paper to the provider and complete the screening and/or assessment by *1-17-14* (5 business days from date on Order).

You must return to Court on *2-19-14 AP4* with a receipt indicating that an authorized agency or professional has completed the ordered screening and/or assessment.

### INSTRUCCIONES AL ACUSADO

El juez le ha ordenado someterse a un reconocimiento y/o evaluación para determinar si tiene adicción al alcohol o a las drogas. Antes de presentarse debe llamar para hacer una cita. Puede encontrar un listado de las agencias y los profesionales licenciados que están autorizados para prestar estos servicios en la siguiente página de Internet: www.oasas.state.ny.us; o llame a la Oficina de Servicios Contra el Alcoholismo y la Drogadicción (OASAS, por sus siglas en inglés) al número: (800) 482-9564. Lleve consigo este papel cuando vaya a su cita. Tendrá que pagar el costo relacionado con estos servicios. Debe llevar este papel al prestatario de servicios, y su reconocimiento y/o evaluación deben haberse efectuado a más tardar para la fecha de: _____ (5 días hábiles a partir de la fecha de la Orden).

Debe regresar al Tribunal el _____ con un recibo que indique que una agencia autorizada o un profesional ha efectuado el reconocimiento y/o la evaluación ordenado por el juez.

### INSTRUCTIONS TO AGENCY OR LICENSED PROFESSIONAL

The Court has ordered the defendant to submit to a screening and/or assessment for alcohol or substance abuse dependency. You should complete only the instrument(s) checked above. Defendant is solely responsible for paying for services provided. Immediately upon completion, you must provide defendant with a receipt indicating when, where and which services were completed. The results of the screening and/or assessment must be sent by facsimile (FAX) to the Court specified on the upper right hand corner ("County/Court") of this document within thirty (30) days from the date on this Order. You should use the standard NYC Criminal Court "Results Form," which you may obtain by calling (646) 386-4700 during regular business hours. Pursuant to VTL §1198-a, you must also provide a copy of the results of the screening and/or assessment to the defendant or his/her attorney. Facsimile (FAX) numbers for specific Courts follow:

☑ Kings    (718) 643-5234   ☐ Queens    (718) 520-4712   ☐ Midtown   (212) 484-2791   ☐ Bronx   (718) 618-3598
☐ New York (212) 374-5293   ☐ Richmond   (718) 390-8405   ☐ Red Hook (718) 923-8269

CRC 3200 (rev. 10/10/10)                                                    (Court personnel check appropriate FAX #)